UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AISTIS BATAVICHUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH O'MALLEY, ET AL., )<br>)<br>Defendants. )<br>) | Civil Action No. 13-12833-RWZ |

MEMORANDUM AND ORDER

ZOBEL , J.

BACKGROUND

On November 8, 2013, plaintiff Aistis Batavichus ("Batavichus") filed a self-prepared complaint against: (1) Immigration and Customs Enforcement ("ICE") Special Agent Joseph O'Malley ("Special Agent O'Malley"); and (2) Jeffrey B. Rubin, Esq. ("Attorney Rubin"), his former defense attorney.  Both defendants are alleged to have business addresses in Boston, Massachusetts.  Batavichus alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

Batavichus alleges that since 1991 he has been residing in the United States as a political asylee from the former Soviet Union.  He claims that on September 7, 2007, he was brutally beaten, tortured, and sodomized by Special Agent O'Malley, in connection with United States v. Aistis Battavichus, Criminal No. 07-10331-PBS.  In that case, Batavichus was charged with Assault of a Federal Officer (*i.e.*, Special Agent O'Malley), and Hampering Removal from the United States.  After a jury trial, on December 17, 2008, the jury returned a verdict of not guilty on both counts, and a

Judgment of Acquittal entered on April 7, 2009.

Immediately after the verdict, Batavichus was arrested and detained by ICE. In April, 2009, while in ICE custody, he filed a petition with the United States Court of Appeals for the First Circuit ("First Circuit") challenging his detention. Thereafter, on April 16, 2009, he was released.

With respect to Attorney Rubin, Batavichus alleges since the completion of his criminal trial in December, 2009, Attorney Rubin has told Batavichus that he must commit suicide.

Next, Batavichus alleges that in October, 2009, he wrote a letter of presentment to ICE, but he fails to indicate the grounds or content of his letter. Thereafter, on July 22, 2013, Battavichus went to the ICE office in Burlington and requested that he be detained and deported because he refused to commit suicide as requested by Attorney Rubin. ICE refused to detain and deport him.

On August 30, 2013, Battavichus alleges that he attempted to commit suicide "as required" by Attorney Rubin on behalf of the United States government. Compl. at ¶ 12. He seeks $5,000,000.00 in damages for his detention and unlawful prosecution, as well as for the assault and battery by Special Agent O'Malley. Additionally, he demands that this Court determine whether Attorney Rubin's request that he commit suicide on behalf of the government was lawful.

## DISCUSSION

I.   Lack of Diversity Jurisdiction

Batvichus alleges that this Court has jurisdiction pursuant to 28 U.S.C.

§ 1332 (diversity of citizenship).  Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Here, Batavichus states he is a citizen of Lithuania and lists a contact address in Vilnius; however, in the body of the Complaint, he states he has lived in the United States since 1991.  For diversity purposes, his citizenship is unclear.

In light of this, this action is subject to dismissal for lack of subject matter jurisdiction.  See Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (vacating judgment and directing district court to dismiss where no diversity jurisdiction existed); Paparella v. Idreco Invest., 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

II.     The Statute of Limitations Bars Claims

 Even if this Court found that diversity jurisdiction existed, the complaint still is subject to dismissal as untimely because all of the alleged wrongful actions took place more than three years ago.  The statute of limitations for tort claims is three years.  Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims).

"The primary purpose of a statute of limitations is to prevent plaintiffs from sleeping on their rights and to prohibit the prosecution of stale claims."  Barrett ex rel. Estate of Barrett v. U.S., 462 F.3d 28, 41 n11 (1st Cir. 2006) quoting Edes v. Verizon Communications, Inc., 417 F.3d 133, 142 (1st Cir. 2005).  Under Massachusetts law, a statute of limitations period "begins to run when a plaintiff discovers, or any earlier date

when [he] or she should reasonably have discovered, that [he] or she has been harmed or may have been harmed by the defendant's conduct." Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006) citing Bowen v. Eli Lilly & Co., 408 Mass. 204 (1990). "A plaintiff is considered to be on "inquiry notice" when the first event occurs that would prompt a reasonable person to inquire into a possible injury at the hands of the defendant." Epstein, 460 F.3d at 187 citing Szymanski v. Boston Mut. Life Ins. Co., 56 Mass. App. Ct. 367 (2002).

Here, Batavichus contends that the alleged assault and battery by Special Agent O'Malley occurred on September 7, 2007, more than six years ago. Further, he alleges that he was found not guilty on December 17, 2008. Thus, at least as of December 17, 2008, Batavichus knew or should have known of his alleged claims against Special Agent O'Malley (including the alleged assault and battery, false imprisonment, and abuse of process). Since he failed to file suit within three years, those claims are forever barred. Further, he has not alleged any reason why he waited this long to file suit, nor any circumstances from which equitable tolling could be applied. The fact that he recently attempted suicide as a result of Attorney Rubin's alleged statements, does not serve to overcome the statute of limitations.

Next, with respect to Attorney Rubin, even if this Court were to consider Batavichus's claims against Attorney Rubin as legal malpractice (*i.e.*, advising his client to commit suicide), the statute of limitations for legal malpractice or negligence is also three years. He alleges that Attorney Rubin told him to commit suicide immediately after the jury verdict in his favor. Accordingly, Batavichus knew or should have known

of the statement that allegedly forms the harm.

The Court recognizes that a complaint may be dismissed on statute of limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'" Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).  The First Circuit has held that "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the *in forma pauperis* statute. Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992) (quoting Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992)). Similarly, under its inherent authority, the same logic applies, and this Court may dismiss a claim *sua sponte* for failure to state a claim upon which relief may be granted.

In light of this, Batavichus shall show good cause why this action should not be dismissed.

III.   Order to Show Cause and Amend the Complaint

This action will be dismissed within 42 days from the date of this Memorandum and Order unless Batavichus demonstrates good cause in writing why his claims should not be dismissed for lack subject matter jurisdiction and/or as time barred under the statute of limitations.

Within that 42-day period, Batavichus also shall file an "amended complaint" that comports with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Any amended complaint must set forth, in a coherent fashion, each cause of action (*i.e.*, legal theory of liability) against each defendant separately and not jointly,

along with a brief statement of the underlying facts to support each claim.

No summonses shall issue pending further Order of the Court. Batavichus is advised that he will not be permitted to amend or supplement his pleadings *ad seriatim*. He has only this one opportunity to amend his complaint to comport with the Rule 8 pleading requirements. Failure to do so will result in dismissal of this action.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Within 42 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause in writing why this action should not be dismissed for the reasons stated herein;

2. Within 42 days of the date of this Memorandum and Order, plaintiff shall file an "amended complaint" setting forth claims pursuant to Rule 8 of the Federal Rules of Civil Procedure and demonstrating the subject matter jurisdiction of this Court.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: November 21, 2013